IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

ALISHA FOSTER
1549 South 36th Street
Louisville, Kentucky 40211

v.

Case No. 3:15-CV-690-JHM

Judge Chief Judge Joseph H. McKinley, Jr.

AFNI, INC.
404 Brock Drive
Bloomington, Illinois 61701

        SERVE:      CT Corporation System
                            306 West Main Street
                            Frankfort, Kentucky 40601

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                            421 W. Main Street
                            Frankfort, Kentucky 40601

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE: The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Alisha Foster, by counsel, and for her Verified Complaint against the Defendants, Afni, Inc. ("Afni"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Afni's false reporting to Equifax and Trans Union of an alleged delinquent debt of the Plaintiff, and Equifax's and Trans Union's, failure to correct Afni's false reporting on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Alisha Foster, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1549 South 36th Street, Louisville, Kentucky 40211.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Afni, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 404 Brock Drive, Bloomington, Illinois 61701.

5. Afni is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business

located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams St., Chicago, Illinois, 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

13. In early 2015, Plaintiff was in the process of attempting to secure mortgage financing and accessed her credit history. In accessing her credit history, Plaintiff discovered that her Equifax and Trans Union credit reports contained a derogatory entry furnished by Afni

regarding an alleged past due cell phone account with T-Mobile.

14. Plaintiff has never used T-Mobile's services or held a T-Mobile account.

15. Immediately upon discovery of the Afni derogatory entry, Plaintiff contacted T-Mobile and advised T-Mobile that the alleged cell phone account was fraudulent.

16. Also immediately upon discovery of the Afni derogatory entry, Plaintiff filed disputes regarding the entry with Equifax and Trans Union.

17. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Afni of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

18. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Afni of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

19. In or around April 2015, Equifax and Trans Union verified the Afni account.

20. Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, Equifax and Trans Union failed to remove the disputed item from Plaintiff's credit reports. Upon information and belief, Equifax and Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's and Trans Union's receipt of Plaintiff's dispute.

21. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the ERC and Afni accounts.

## V. CLAIMS

### Negligence - Afni

22. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Afni's false reporting to Equifax and Trans Union regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, Afni breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

24. Afni's false reporting to Equifax and Trans Union regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Afni's false reporting to Equifax, Trans Union and Experian regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

25. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Equifax's failure to remove Afni's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove Afni's false report of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

27. Equifax's negligent failure to remove Afni's false report of Plaintiff's alleged debt

from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

28. Equifax's failure to remove Afni's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

29. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Trans Union's failure to remove Afni's false report of Plaintiff's alleged delinquency from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to remove Afni's false report of Plaintiff's alleged delinquency, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

31. Trans Union's negligent failure to remove Afni's false report of Plaintiff's alleged debt from Plaintiff's Trans Union credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32. Trans Union's failure to remove Afni's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Afni

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Afni, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Trans Union that Plaintiff was past due on the alleged Afni account and that the Afni account was in collection status. Afni's statements were made with conscious disregard for the rights of the Plaintiff.

35. Afni's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Afni, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Afni account and that the Afni account is in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

38. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Afni and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff was past due on the alleged Afni account and that the Afni account is in collection status. In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiff.

41. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Afni

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Afni's false reporting to Equifax and Trans Union of Plaintiff's alleged delinquency is a violation of Afni's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

44. Afni's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Afni is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Equifax's failure to remove the disputed items from Plaintiff's credit report despite knowledge of the falsity of the disputed items is a violation of Equifax's duty to ensure maximum

8

possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

47. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Trans Union's failure to remove the disputed items from Plaintiff's credit report despite knowledge of the falsity of the disputed items is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

52. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's

actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Afni

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

54. Afni's false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged delinquency, despite Afni's knowledge of the falsity of its reporting, is a willful violation of Afni's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

55. Given Afni's knowledge of the falsity of its reporting, Afni's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Afni is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

59. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

63. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Alisha Foster, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

       Respectfully submitted,

       */David W. Hemminger*
       David W. Hemminger
       LYNCH, COX, GILMAN & GOODMAN P.S.C.
       500 West Jefferson Street, Suite 2100
       Louisville, KY  40202
       (502) 589-4994
       dhemminger@lynchcox.com
       *Counsel for Plaintiff*

## **VERIFICATION**

I, Alisha Foster, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Alisha Foster


COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Alisha Foster this ___ day of _____, 2015.

_____
Notary Public

Commission expires:_____